IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-40719

Summary Calendar

PATRICK MAC JACKSON,

Plaintiff-Appellee,

versus

MARSHALL HERKLOTZ, Southern Region Director,
Darrington Unit, ET AL.

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(9:95-CV-318)

February 19, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Patrick Mac Jackson appeals from the district court's dismissal for frivolousness and for failure to state a claim, see 28 U.S.C. § 1915(e), of his prisoner's civil rights complaint. Jackson claimed that his rights were violated during a series of "lockdowns" in his prison in 1994 and 1995, which resulted in his loss of food, exercise, and medical treatment. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jackson's substantive claims were largely conclusional and lacked a basis in evidence. Jackson's first contention was that the lockdown was conducted without justification. Yet as even he concedes, the prison where he was housed was plagued by violence during the relevant time period. The prison officials properly exercised their discretion in responding to this dangerous situation. See Buchanan v. United States, 915 F.2d 969, 971-72 (5th Cir. 1990).

Jackson's claim that the lockdown deprived him of hot meals is similarly without merit. The state's responsibility was to offer meals sufficiently nutritious to maintain Jackson's health. See Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986). Jackson proffered conclusory allegations that his meals caused him illness, but he provided no proof of a constitutional violation. Mere dissatisfaction with the flavor of prison food does not rise to the level of a constitutional complaint. See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

Likewise, Jackson has not provided evidence as to how the lockdowns' restrictions on outdoors recreation threatened his health. Furthermore, Jackson's conclusional allegations regarding medical care failed to demonstrate any specific instances where prison officials were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Nor did Jackson prove that the prison's classification system for violent felons caused him any constitutional harm. Finally,

Jackson's complaint about the existence of a conspiracy to violate his federal rights was conclusional and without support.

Jackson also complains about a number of procedural deficiencies in the district court's dismissal of his complaint. We find that the district court employed its discretion properly in choosing a method for investigating Jackson's complaint. See Graves v. Hampton, 1 F.3d 315, 319 n.20 (5th Cir. 1993). The district court gave ample consideration to Jackson's claims, which ultimately were found to be without merit.

Finally, Jackson argues that the district court erred in failing to certify a class or grant a preliminary injunction. The district court did not abuse its discretion in failing to take either action, as Jackson failed to satisfy the threshold requirements for either class certification or the granting of a preliminary injunction. See Lightbourn v. County of El Paso, 118 F.3d 421, 423-24 (5th Cir. 1997); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

AFFIRMED.